UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**DECOTIIS, FITZPATRICK & COLE, LLP**
Glenpointe Centre West
500 Frank W. Burr Boulevard
Teaneck, New Jersey 07666
(201) 928-1100
Email: jsmith@decotiislaw.com
*Attorneys for Plaintiff Algonquin Gas Transmission, LLC*

| | |
|---|---|
| ALGONQUIN GAS TRANSMISSION, LLC, a limited liability company of the State of Delaware,<br>        Plaintiff,<br>v.<br><br>0.12 Acres Of Land, More or Less, In STONY POINT, ROCKLAND COUNTY, NEW YORK; CARL F. LIPSKI, fee owner; ROBERT MAGRINO, Esq., in his role as Court Appointed Foreclosure Referee; and ALL UNKNOWN OWNERS,<br><br>        Defendants. | Civil Action No. _____<br><br><br><br>**VERIFIED COMPLAINT IN CONDEMNATION** |

Plaintiff Algonquin Gas Transmission, LLC (hereinafter "Algonquin") brings this action to condemn a temporary easement on property in Stony Point, Rockland County, New York that is needed for an interstate natural gas pipeline project.

BACKGROUND AND NATURE OF THE ACTION

1.  Algonquin is a natural gas company within the meaning of the Natural Gas Act, 15 U.S.C., § 717 et seq., (the "Natural Gas Act"). Algonquin's interstate natural gas pipeline system extends from points near Lambertville and Hanover, New Jersey through the states of New Jersey, New York, Connecticut, Rhode Island, and Massachusetts.

2.  On February 28, 2014, pursuant to provisions of the Natural Gas Act, Algonquin applied to the Federal Energy Regulatory Commission ("FERC") for authority

1

to construct and operate the Algonquin Incremental Market Project ("AIM Project" or "Project").

3. The AIM Project involves, among other things, the construction and operation of approximately 37.6 miles of natural gas pipeline, upgrades at six existing compressor stations and related facilities in New York, Connecticut, Rhode Island and Massachusetts. Specifically as it involves pipeline construction, the AIM Project includes: a) replacement of approximately 20.1 miles, in three segments, of 26-inch-diameter pipeline with 42-inch-diameter pipeline in Putnam, Rockland, and Westchester Counties, New York, and Fairfield County, Connecticut; b) installation of approximately 2.0 miles of 36-inch-diameter pipeline looping in Middlesex and Hartford Counties, Connecticut; c) replacement of approximately 9.1 miles of 6-inch-diameter pipeline with 16-inch-diameter pipeline on the E-1 System Lateral in New London County, Connecticut; d) installation of approximately 1.3 miles of 12-inch-diameter pipeline looping in New London County Connecticut; and e) installation of approximately 4.1 miles of 16-inch-diameter pipeline and approximately 0.8 miles of 24-inch-diameter pipeline off its existing I-4 System Lateral in Norfolk and Suffolk Counties, Massachusetts.

4. The AIM Project will enable Algonquin to provide 342,000 dekatherms per day of firm service to delivery points to accommodate increasing demand in the New England region.

5. On March 3, 2015, FERC issued, in its Docket No. CP14-96-000, a Certificate of Public Convenience and Necessity ("Certificate") authorizing Algonquin to construct, operate, and maintain the AIM Project.

6. In order to obtain the FERC Certificate, Algonquin was required to submit evidence of firm contracts with eight local distribution companies and two municipal utilities (the

2

"Project Shippers") for the delivery of the entire capacity of the AIM Project. The in-service date for the delivery of natural gas in the contracts between Algonquin and the Project Shippers is November 1, 2016.

7. Because the AIM Project involves extensive modifications to its existing system while maintaining service to its existing customers Algonquin needs to construct the certificated pipeline facilities during the construction seasons of 2015 and 2016 to complete the Project by the in-service date of November 1, 2016. Algonquin needs to acquire a temporary easement on property owned, in whole or in part, by defendant record owner Carl F. Lipski (the "Property") for the 2015 construction work.

## ACQUISITION OF REQUIRED TEMPORARY EASEMENT

8. Construction of the Project is now scheduled to begin on or about October 1, 2015. Once construction begins on or about October 1, 2015, Algonquin will be responsible for any delays that occur if the contractor cannot be given access to the required temporary easement.

9. Given the November 1, 2016 in-service date for the AIM Project, and given the various factors described above, construction of the pipeline, which term is intended to include the mobilization of equipment, must begin on or about August 2015, in order to meet the in-service date required by the Certificate.

10. Algonquin, as holder of the Certificate, is authorized and empowered by 15 U.S.C. § 717f(h) of the Natural Gas Act to exercise the right of eminent domain to acquire the easements on the Property.

## JURISDICTION AND VENUE

11. Jurisdiction for this action is based upon 15 U.S.C. § 71.1f(h). The estimated amount of compensation for the Properties exceeds $3,000.00.

3

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 717f(h) because the Properties are situated in the District.

## PARTIES

13. Algonquin is a Delaware limited liability company having its principal offices at 5400 Westheimer Court, Houston, Texas, and having local offices at 1490 Highland Avenue, Building 4, Cheshire, Connecticut 06410.

14. Defendant, Carl F. Lipski, is the record owner, in whole or in part, of certain property in Stony Point that is identified on the Official Tax Map of Stony Point as Section 15.01, Block 5, Lot 3.

15. Defendant, Robert Magrino, Esq., was appointed Referee by the Supreme Court of the State of New York by a Judgment of Sale and Foreclosure dated August 29, 2008, in the matter of Household Financial Realty Corporation of New York v. Lipski, Index No. 2008-02370, to sell the Property at public auction. Upon information and belief, no sale of the Property has occurred.

16. Defendants, All Unknown Owners are fictitious name defendants who may have interests in the Property.

## CAUSE OF ACTION

17. Algonquin requires a temporary easement on the Property for the purposes of, among other things, constructing the AIM Project. The approximate size of the easement the Property is:

    a. 0.12 acre temporary easement as show on Drawing No. S7-P-9010 (Tract R-86) a copy of which is attached hereto as **Exhibit A**.

18. Algonquin has been unable to acquire the necessary easements by agreement with Defendant Carl F. Lipski.

4

19. Algonquin sent a final offer letter to Carl F. Lipski on July 13, 2015 in a last effort to purchase the easements on the Property in the amount of $5,000.00.

20. Algonquin has been unable to acquire the above-described property rights through good faith negotiations and can wait no longer before filing this condemnation action.

21. On numerous occasions, Algonquin has sent letters and made phone calls in an attempt to contact and negotiate with Carl F. Lipski, and to offer to meet with him and discuss/address any concerns. These latest offers have been ignored or rejected.

22. The names, addresses and interests of the persons or entities appearing of record to have any interest in the subject property, and the names of such persons or entities claiming any interest therein, are set forth under "PARTIES" above.

WHEREFORE, Algonquin requests that the Court:

a. enter an Order of Taking allowing Algonquin to take the temporary easement on the Property;

b. enter an Order allowing Algonquin to immediately enter the Property to begin construction of the AIM Project;

b. ascertain the amount of the just compensation to be paid to the owners of the Property for the easement taken by Algonquin; and

d. award Algonquin any other relief that may be appropriate or necessary.

**DECOTIIS, FITZPATRICK & COLE, LLP**
Attorneys for Plaintiff,
Algonquin Gas Transmission, LLC

Dated: July 30, 2015

By: s/Jeffrey D. Smith
Jeffrey D. Smith, Esq
Glenpointe Centre West
500 Frank W. Burr Blvd.
Teaneck, New Jersey 07666
Tel: (201) 928-1100
Fax: (201) 928-0588

## VERIFICATION

STATE OF CONNECTICUT:

: ss Cheshire

COUNTY OF NEW HAVEN:

EDWARD HARNEY, of full age, being duly sworn according to law, on his oath, depose and says:

1. I am the Right of Way Manager for the AIM Project for Algonquin Gas Transmission, LLC, and am its duly authorized agent in this behalf.

2. I am the person responsible for supervising Algonquin's efforts to acquire the easements needed to construct the AIM Project.

3. I have read the foregoing Verified Complaint and am familiar with its contents.

4. The matters and statements set forth in the said complaint are true to the best of my knowledge and belief.

5. The matters in controversy in this action are not the subject of any other action pending in any court and no other action is contemplated.

6. I am not aware of any additional party who should be joined in this action.

_____
EDWARD HARNEY

Sworn to and subscribed to
before me this 5 day of
August, 2015

Tammy J. Keith
Notary Public-Connecticut
My Commission Expires
June 30, 2019

ALGONQUIN GAS TRANSMISSION, LLC, a limited partnership of the State of Delaware,

Plaintiff,

v.

0.12 Acres Of Land, More or Less, In STONY POINT, ROCKLAND COUNTY, NEW YORK; CARL F. LIPSKI, fee owner; ROBERT MAGRINO, Esq., in his role as Court Appointed Foreclosure Referee; and ALL UNKNOWN OWNERS,

Defendants.

# Exhibit A

# To Verified Complaint

